THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>vs.<br><br>11.35 ACRES OF LAND, MORE OR LESS,<br>SITUATE IN STARR COUNTY, TEXAS;<br>AND RAFAEL CASTRO JIMIENEZ,<br>    *Defendants.* | **CIVIL NO. 7:19-CV-200**<br><br>**TRACT NO.**<br><br>**RGV-RGC 5075** |
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>vs.<br><br>0.755 ACRES OF LAND, MORE OR LESS,<br>SITUATE IN STARR COUNTY, TEXAS;<br>AND RAFAEL CASTRO JIMIENEZ, ET AL.<br>    *Defendants*. | **CIVIL NO. 7:20-CV-281**<br><br>**TRACTS NO.**<br><br>**RGV-RGC 5075** |

**UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO CONSOLIDATE**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

    COMES NOW PLAINTIFF UNITED STATES OF AMERICA, pursuant to Federal Rules of Civil Procedure 42(a) and 71.1(b), and moves the Court to consolidate the above-styled cases for all purposes, and in support thereof would show the Court as follows:

1. On June 10, 2019, Plaintiff United States of America filed Civil Action No. 7:19-CV-200 against 11.35 Acres of Land, More or Less, Situate in Starr County, State of Texas; and Rafael Castro Jimenez, condemning a perpetual road easement in a tract of land identified as RGV-RGC-5075 and a temporary access easement in a tract of land identified as RGV-

RGC-5075 for construction of the border fence.

2. On September 17, 2020, Plaintiff United States of America filed Civil Action No. 7:20-CV-281 against 0.755 Acres of Land, More or Less, Situate in Starr County, State of Texas; and Rafael Castro Jimenez, et al., condemning a perpetual road easement in a tract of land identified as RGV-RGC-5075 and a temporary access easement in a tract of land identified as RGV-RGC-5075 for construction of the border fence.

3. Federal Rule of Civil Procedure 71.1(b) provides that the plaintiff "may join separate pieces of property in a single action, no matter whether they are owned by the same persons. ..." In these cases, Plaintiff has determined that the subject property from which the estates are acquired is owned by the same individual. To require separate condemnation proceedings for each case which involves the same tract of land, merely because they were instituted separately, "would be unduly burdensome and would serve no useful purpose." *See* Note to FRCP 71.1(b).

4. The above-captioned cases are all still pending before this Court, and they all include common issues of law and fact. Consolidation will further conserve judicial resources and resolve the cases in a more efficient manner than if they remain separated.

WHEREFORE, Plaintiff requests that Civil Action Nos. 7:19-CV-200 and 7:20-CV-281 be consolidated for all purposes, and for such other and further relief to which Plaintiff may show itself justly entitled to receive.

### CERTIFICATE REGARDING CONFERENCE

The undersigned could not confer with landowner since the inception of these cases, as it is believed the landowner has fled to Mexico for legal reasons. Since the United States could not

confer with the landowner in this case, the United States does not know if the defendant is opposed to this motion.

       Respectfully submitted,

       **RYAN K. PATRICK**
       United States Attorney
       Southern District of Texas

By: *s/ Alexander N. DerGarabedian*
   **ALEXANDER N. DERGARABEDIAN**
   Assistant United States Attorney
   Southern District of Texas No. 3381593
   New York Bar No. 5103577
   1701 W. Bus. Highway 83, Suite 600
   McAllen, TX 78501
   Telephone: 956-992-9380
   Facsimile: (956) 618-8016
   E-mail: alexander.dergarabedian@usdoj.gov

## CERTIFICATE OF SERVICE

  The undersigned certifies that he served a true and correct copy of the foregoing Disclosure of Interested Parties to the last known address of the parties in this case by first-class U.S. mail, postage prepaid, on September 29, 2020.

By: *s/ Alexander N. DerGarabedian*
   **ALEXANDER N. DERGARABEDIAN**
   Assistant United States Attorney