Case 7:19-cv-00200   Document 30   Filed on 06/21/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:19-CV-200 |
| § | |
| 11.35 ACRES OF LAND, MORE OR § | |
| LESS, SITUATE IN STARR COUNTY, *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

## FINDINGS ON ISSUE OF JUST COMPENSATION

Having found that Rafael Castro Jimenez ("Jimenez") was the owner of Tract RGV-RGC-5075 ("the property") at the time of the easement and fee takings made the subject of this consolidated action, the Court now turns to the issue of what constitutes just compensation to Jimenez for the interests taken. *See* (Dkt. No. 29); *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984) ("The United States has the authority to take private property for public use by eminent domain, but is obliged by the Fifth Amendment to provide 'just compensation' to the owner thereof.") (internal citation omitted); FED. R. CIV. P. 71.1(h) ("In an action involving eminent domain under federal law, the court tries all issues, including compensation" absent certain exceptions not present here), (i)(C) (once plaintiff has taken title, court awards compensation "for the title, lesser interest, or possession taken"). Plaintiff acquired title to a temporary (12-month) access easement on 11.35 acres of the property on August 5, 2019, when it deposited $100.00 in the Court's registry as estimated just compensation for the easement taking,[1] and to a fee simple estate of 0.755 acres of the property on September 22, 2020, when it

---

[1] Plaintiff identified the easement as beginning on the date possession is granted to the United States, which occurred on August 8, 2019 (as opposed to 2020, as incorrectly observed in the Court's findings on

deposited $10,992.00 as estimated just compensation for the fee taking. *See* 40 U.S.C. § 3114(b)(1); *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."); (Dkt. Nos. 2, 7; Civil Action No. 7:20cv281 at Dkt. Nos. 2, 7).

"'Just compensation'…means in most cases the fair market value of the property" at the time of the taking. *Kirby Forest Indus.*, 467 U.S. at 10. "[T]he burden of establishing value rests with the owner of the condemned property." *United States v. 50.822 Acres of Land, More or Less, in Nueces Cty., State of Tex.*, 950 F.2d 1165, 1168 (5th Cir. 1992). The sole owner of the property, Jimenez, was served by publication and has made no appearance or answer, and has presented no evidence to meet his burden. (Dkt. No. 24). Although he retains the ability to present evidence at a trial on compensation, Plaintiff's inability to locate him despite repeated attempts to do so counsels in favor of the Court's adjudication of the issue of just compensation based on the record before it. *See* FED. R. CIV. P. 71.1(e)(3) ("[A]t the trial on compensation, a defendant—whether or not it has previously appeared or answered—may present evidence on the amount of compensation to be paid[.]"); (Dkt. No. 27 at ¶ 9).

Upon consideration of Plaintiff's Amicus Brief Regarding Just Compensation and attached exhibits, the Court finds that the amounts deposited constitute just compensation to which Jimenez is entitled. (Dkt. No. 27; *see* Exhs. 1-4); *see* FED. R. CIV. P. 71.1(e)(3) (failure to appear or answer does not affect defendant's ability to "share in the award"). The easement acquired in this case, which granted to Plaintiff a temporary right of entry for survey and investigative purposes, is minimally invasive and without measurable market value, such that

---

the issue of ownership), and ending 12 months later. *See* (Dkt. No. 2, Schedule E; Dkt. Nos. 10, 29 at p. 1 n.1).

nominal compensation in the amount of $100.00 justly compensates Jimenez for the interest taken. *See* (Dkt. No. 27 at ¶¶ 18-31, Exhs. 1, 2); *50.822 Acres*, 950 F.2d at 1168-69 (affirming award of nominal compensation in amount of $100.00 where owners failed to establish value of option to repurchase, which they conceded had no market value). Just compensation for the fee taking, which is a partial taking of land within a larger parent tract, is valued as $10,992.00, being the difference between the fair market value of the highest and best use of the parent tract at the time of taking, as established through a sales comparison approach using 2019-2020 Starr County market data ($54,155.00), and the fair market value of the highest and best use of what remains after the taking, as established by the same means ($43,163.00). *See* (Dkt. No. 27 at ¶¶ 32-39, Exhs. 3, 4); *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cty., State of Tex.*, 680 F.2d 388, 392 n.5 & 395 (5th Cir. 1982) (setting forth "before-and-after method of valuation" applicable to partial takings, and observing that fair market value takes into consideration "highest and best use for which property is adaptable and needed" and is best established through "comparable sales—i.e., sales from a willing seller to a willing buyer of similar property in the vicinity of the taking at or about the same time as the taking").

Accordingly, the Court finds that Plaintiff's deposits of $100.00 and $10,992.00 in the Court's registry constitute just compensation for the easement and fee takings, respectively. Plaintiff shall advise the Court of how it intends to proceed with the distribution of proceeds, and file any appropriate dismissal documents, within 30 days of the date of these findings.

SO ORDERED this 21st day of June, 2021, at McAllen, Texas.

*/s/ Randy Crane*
Randy Crane
United States District Judge